Robert C. Schermer, Esq.
Greene Hamrick Quinlan & Schermer, P.A.
Post Office Box 551
Bradenton, Florida  34206
(941) 747-1871
Attorneys for AgSouth Farm Credit, ACA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JAMES N. HOUGH, GENA G. HOUGH
AND WHITFIELD FARMS, LLC,

    Plaintiffs,

v.                                                                                 Case No:  8:16-cv-3066-T-30AEP

AGSOUTH FARM CREDIT, ACA,

    Defendant.
_____/

## AGSOUTH FARM CREDIT, ACA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE TO THE DISTRICT OF SOUTH CAROLINA

Plaintiffs JAMES N. HOUGH and GENA G. HOUGH are residents of South Carolina, wherein they have claimed homestead, and Plaintiff WHITFIELD FARMS, LLC, is a South Carolina limited liability company.  Defendant AGSOUTH FARM CREDIT, ACA, is an agricultural credit association, providing land, agriculture and home loans in South Carolina and Georgia.  Not one event giving rise to this suit occurred in the Middle District of Florida.  Thus, venue is not properly laid here, and this action must be dismissed or transferred to a district in which venue would be proper.  Even if venue were proper here, and it is not, the interest of justice and convenience of the parties would warrant transferring this case to either South Carolina or Georgia.

I.     **FACTUAL BACKGROUND**

Plaintiffs JAMES N. HOUGH are GENA G. HOUGH are residents of South Carolina, wherein they have claimed homestead pursuant their Petition for Chapter 13 Bankruptcy (*United States Bankruptcy Court, Middle District of Florida, Tampa Division, Case No. 8:16-bk-9450*), Part 1, paragraph 5, and Official Form 106 A/B Schedule A/B: Property, Part 3, paragraph 6 (copies attached as composite Exhibit "A"), and Plaintiff WHITFIELD FARMS, LLC, is a South Carolina limited liability company. Defendant AGSOUTH FARM CREDIT, ACA is an agricultural credit association, providing land, agriculture and home loans in South Carolina and Georgia.

On December 1, 2015, AGSOUTH as the real party in interest as defined by Rule 17(a) of the South Carolina Rules of Civil Procedure filed a Complaint for Foreclosure of Real Estate Mortgage ("Complaint") in the State of South Carolina, County of Edgefield, in the Court of Common Pleas, Case No. 2015-CP-19-361 (the "Foreclosure"). WHITFIELD FARMS, LLC ("WHITFIELD") was a named defendant and was served with a copy of the Complaint and the Amended Complaint.

On January 11, 2016 JAMES N. HOUGH and GENA G. HOUGH (collectively, the "HOUGHS") filed an Answer and Counterclaim on behalf of WHITFIELD as members of the limited liability company. The Answer and Counterclaim were stricken by Order of the Court on July 19, 2016. The Answer and Counterclaim were stricken because neither of the HOUGHS "are attorneys licensed to practice law in the State of South Carolina. South Carolina Courts have routinely held that a corporation cannot appear *pro se* in the circuit or appellate courts of South Carolina". Neither of the HOUGHS is an attorney; therefore, they cannot file an Answer or otherwise seek relief on behalf of WHITFIELD.

Absent an Answer of WHITFIELD, the Court entered an Order of Judgment for Foreclosure Sale on September 28, 2016, and retained jurisdiction and venue over the matter.

Additionally, the Court entered a Notice of Sale, setting the foreclosure sale for November 7, 2016.

On October 31, 2016, the HOUGHS and WHITFIELD filed a Complaint in this Court, asserting the same claims they made in state court which were stricken. The assertions should have been made in the Foreclosure as a compulsory counterclaim by a licensed attorney.

On September 27, 2016, the HOUGHS filed a Chapter 13 case *pro se*, in the Middle District of Florida, Tampa Division (Case No. 8:16-bk-08320) ("Prior Chapter 13"). In the Prior Chapter 13, the HOUGHS failed to cure deficiencies, and the Court entered an Order Dismissing Case, which Order was granted October 18, 2016.

Then, on November 1, 2016, less than one week before the foreclosure sale, the HOUGHS filed a separate Chapter 13 Bankruptcy in the Middle District of Florida, Tampa Division (Case No. 8:16-bk-09450) ("Current Chapter 13"), wherein they claimed $2,289,665.42 in liabilities and $5,721,709.00 in assets. AGSOUTH filed in the Current Chapter 13 an Objection to Motion to Extend Automatic Stay Under 11 U.S.C. 362(C) as to All Creditors and Request for Expedited Hearing. The Current Chapter 13 and the Prior Chapter 13 were obviously filed in an attempt to stay the foreclosure sale set for November 7, 2016, in South Carolina.

## II   THIS CASE MUST BE TRANSFERRED OR DISMISSED BECAUSE VENUE IS NOT PROPER IN THIS DISTRICT

The HOUGHS' and WHITFIELD'S Complaint invokes the venue provisions of 28 U.S.C. § 1332. (Doc. 1, ¶ 2), 18 U.S.C. § 1965 (Doc. 1, ¶ 3) and 28 U.S.C. § 1391 (Doc. 1, ¶ 4).

It is undisputed that neither the HOUGHS, WHITFIELD or AGSOUTH reside in the Middle District of Florida. Thus, venue can be proper here only if "a substantial part of the events or omissions given rise to the claim occurred" in this District. They did not.

The Eleventh Circuit has explained that, "venue is proper in 'a judicial district in which a *substantial* part of the *events* or *omissions giving rise to the claim occurred*.'" 28 U.S.C. §1391(a)(2) (emphasis added) "Only the events directly give rise to a claim are relevant. And of

the places where the events have taken place, only those location hosting a 'substantial part' of the events are to be considered. In this vein, we approve of . . . *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) ". "Thus, under *Woodke*, . . . the Court must determine whether a substantial part of the *defendant's* allegedly wrongful acts or omissions occurred in this district." *Quality Improvement Consultants, Inc. v. Williams*, Civ. No. 02-3994, 2003 WL 543393, at *8-*9 (D. Minn. Feb. 24, 2003) (emphasis added) (finding venue improper because plaintiffs failed to identify "any allegedly wrongful act or omission by defendant that occurred" in district).

In this case, venue is not proper in this district because not a single "event or omission" giving rise to this suit occurred in the Middle District of Florida. The only "allegedly wrongful act" at issue in this case occurred in South Carolina "where the Fixed Rate Note was purported to be executed." (Doc. 1 ¶ 14) ". "On a motion to dismiss based on improper venue, the Plaintiff has the burden of showing that venue in the forum is proper." *Wai v. Rainbow Holdings,* 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004).

Without any factual allegations in support, Plaintiff makes the conclusory allegation that venue in the United States District Court for the Middle District of Florida is proper under 28 U.S.C. § 1391(b) (Doc. ¶ 3). It is not. This statute does not provide a basis for venue in this district.

In sum, because all of the events and omissions that gave rise to the HOUGHS and WHITFIELD'S claims occurred in the District of South Carolina and not in this District, venue is not proper here. And upon a finding of improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

### III  IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED FOR THE CONVENIENCE OF THE PARTIES

Even if the court were to determine that a substantial part of the events or omissions giving

rise to the claim occurred in this District, the Court should exercise its discretion to transfer this case under 28 U.S.C. § 1404(a). That section provides that for the "convenience of the parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district court where it might have been brought." As the Supreme Court has explained, the

> purpose of the section is to prevent the waste of "time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . ." To this end it empowers a district court to transfer "any civil action" to another district court if the transfer is warranted by the convenience of the parties and witnesses and promotes the interest of justice.

*Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting Cont'l Grain Co. v. Barge F.B.L. – 585, 364 U.S. 19, 26-27 (1960)) (footnote omitted). The reasons to transfer a case under section 1404(1) include ease of access to evidence, the availability of compulsory process, the cost of securing the attendance of witnesses, and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). In *Anthony Sterling, M.C. v. Provident Life and Acc. Ins. Co.*, 519 F. Supp. 2d 1195, The Middle District of Florida stated that there are seven (7) factors to be considered:

> "Plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious and inexpensive."

The District of South Carolina or the District Courts of Georgia would be far more convenient venue for this case. AGSOUTH is located in both of those districts, and the HOUGHS and WHITFIELD are located in the District of South Carolina. Witnesses who might be called to provide testimony are presumably located in these two districts. WHITFIELD is a South Carolina limited liability company, and the HOUGHS are not citizens of Florida; therefore have no connection to this District. "State citizenship, or 'domicile' for purposes of diversity jurisdiction is determined by two factors; residence and intent to remain." *Jones v. Law Firm of Hill and Ponton*, 141 F. Supp. 2d 1349. See also *Holyfield* 490 U.S. at 48, 109 S.Ct. 1597; *Scoggins v.*

*Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984); *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974); *Las Vistas Villas, S.A. v. Petersen*, 778 F. Supp. 1202 (M.D. Fla. 1991). As alleged above, the HOUGHS consider South Carolina their "homestead", and so their choice of this forum is entitled to little weight.

IV. **THE DISTRICT OF SOUTH CAROLINA IS MORE FAMILIAR WITH SOUTH CAROLINA LAW**

The majority of Plaintiff's claims are likely to be based on state law. Plaintiffs' complaint contains six causes of action under federal and state law; however, only one of them involves federal law. The remaining state law claims involve the application of South Carolina law on forgery, bank fraud, fraudulent misrepresentation, wrongful foreclosure and intentional infliction of emotional distress. As a result, a substantial portion of Plaintiffs' case requires familiarity with South Carolina law.

V. **CONCLUSION**

For the foregoing reasons, AGSOUTH FARM CREDIT, ACA respectfully requests that the Court grant its motion and dismiss the Complaint because venue is improper in this Court. This reason presents an opportunity for a quick disposition of this matter. In the interest of justice, if the Court declines to dismiss this action, the action should be transferred to the District of South Carolina or the Middle, Northern or Southern District of Georgia.

Respectfully submitted,

_____
Robert C. Schermer, Esquire
Florida Bar No. 380741

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Court's CM/ECF system at the time of filing via email: USTPRegion21.TP.ECF@USDOJ.GOV, and by prepaid and or regular first class United States mail on this 21st day of November, 2016, to the following persons:

John Richard Phillips, Jr., Esq.
2330 N. Highland Ave.
Tampa, Florida 33602

                                        GREENE HAMRICK QUINLAN
                                        & SCHERMER, P.A.

                                        _____
                                        Robert C. Schermer, Esquire
                                        Florida Bar No. 380741
                                        Post Office Box 551
                                        Bradenton, Florida 34206
                                        Telephone: (941) 747-1871
                                        Facsimile: (941) 747-2991
                                        Primary: rschermer@manateelegal.com
                                        Secondary: sdavis@manateelegal.com
                                        Attorneys for Plaintiff